UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RUSSELL D. ROSCO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:14-CV-141 |
| | ) |
| EQUIFAX, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is a motion to amend filed on December 29, 2014, by *pro se* Plaintiff Russell Rosco in this case against Defendant Equifax under the Fair Credit Reporting Act ("FCRA"). (Docket # 14.) In his proposed amended complaint, Rosco seeks to (1) add a tort claim of public disclosure of private facts against Equifax; its local counsel, James Riley; and its Atlanta-based counsel, King & Spalding, on the basis that Riley sent Rosco's social security number to Rosco in a discovery request via an unencrypted email; and (2) name as additional defendants First Bank INC, d/b/a First Bank Mortgage Corporation, and The Advantage Group, a/k/a Albuquerque Collection Services, claiming they violated the FCRA by furnishing inaccurate or false information about Rosco's credit to Equifax. (Docket # 14.)

Equifax filed a response on January 21, 2015, opposing Rosco's motion to amend with respect to the tort claim against Equifax, Riley, and King & Spalding, claiming it is futile. (Docket # 21.) Rosco replied on January 29, 2015 (Docket # 24), and thus, the motion is now ripe for ruling. For the following reasons, the motion to amend will be GRANTED in part and DENIED IN PART.

## A. Factual and Procedural Background

On April 1, 2014, Rosco filed a complaint against Equifax in Allen Superior Court, alleging that Equifax violated the FCRA by failing to provide him information from his credit file and correct inaccurate information therein. (Docket # 13.) Equifax timely removed the case to this Court. (Docket # 1.) The Court conducted a scheduling conference on November 24, 2014, setting January 7, 2015, as the last day for Rosco to seek leave to amend his complaint or add parties; and April 17, 2015, for the completion of all discovery. (Docket # 12.)

## B. Standard of Review

"[T]he decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (alteration in original) (citation omitted). "The court 'should freely give leave when justice so requires.'" *Id.* (quoting Fed. R. Civ. P. 15(a)(2)); *see Foman v. Davis*, 371 U.S 178, 182 (1962). "Although the rule reflects a liberal attitude towards the amendment of pleadings, courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Soltys*, 520 F.3d at 743 (citation omitted); *see Foman*, 371 U.S. at 182.

## C. Discussion

As recited above, Rosco's deadline for joining additional parties and amending the complaint was January 7, 2015. Thus, his motion is timely.

1. <u>Rosco's Additional Claim Against Equifax and Its Attorneys</u>

Rosco seeks to amend his complaint to advance what appears to be a tort claim of public disclosure of private facts against Equifax and its attorneys. Equifax opposes that portion of the

2

motion on the basis of futility.

"[F]utility is measured by the capacity of the amendment to survive a motion to dismiss." *Duthie v. Matria Healthcare, Inc.*, 254 F.R.D. 90, 94 (N.D. Ill. 2008) (citing *Crestview Vill. Apartments v. U.S. Dep't of Hous. & Urban Dev.*, 383 F.3d 552, 558 (7th Cir. 2004); *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)). "That means a proposed amendment must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Duthie*, 254 F.R.D. at 94 (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)).

The tort of public disclosure of private facts "occurs when a person gives 'publicity' to a matter that concerns the 'private life' of another, a matter that would be 'highly offensive' to a reasonable person and that is not of legitimate public concern." *Vargas v. Shepherd*, 903 N.E.2d 1026, 1031 (Ind. Ct. App. 2009) (citation omitted). Rosco claims that Attorney Riley committed this tort when he sent to Rosco an unencrypted email with an attachment (a Medical Authorization and Release) that contained Rosco's social security number, copying one other lawyer in Riley's firm and three attorneys with King & Spaulding. (Pl.'s Reply 3.)

But Rosco fails to satisfy even the first element of the tort, as "[a] communication to a single person or to a small group of persons is not actionable because the publicity element requires communication to the public at large or to so many persons that the matter is substantially certain to become one of public knowledge." *Vargas*, 903 N.E.2d at 1031. That is, Rosco fails to claim that his social security number was viewed by any member of the public.

Rather, Rosco's only allegation is that the transmission of his social security number in an unencrypted email puts him at increased risk of identity theft. But the complaint does not

3

allege that other entities obtained and attempted to use his social security number. Therefore, nothing in Rosco's complaint suggests that his personal information was divulged to the extent it was "substantially certain to become one of public knowledge." *In re Matthys*, No. 09-16585-AJM-13, 2010 WL 2176086, at *3 (Bkrtcy. S.D. Ind. May 26, 2010) (dismissing plaintiff's tort claim of invasion of privacy based on defendant's filing of plaintiff's social security number on the bankruptcy court docket); *see Sexton v. Runyon*, No. 1:03-cv-291, 2005 WL 2030865, at *9-10 (N.D. Ind. Aug. 23, 2005) ("To the extent a federal constitutional right of privacy against the disclosure of personal matters exists, it has not been extended to the information disclosed in this case, the Plaintiff's address and social security number."). As a result, Plaintiff's claim seeking relief and damages for the tort of public disclosure of private facts would not survive a motion to dismiss, and therefore, is futile. *See Sexton*, 2005 WL 2030865, at *9 ("[T]he contention that disclosure of a social security number violates the right to privacy has been consistently rejected.").

Perhaps realizing this, Rosco argues in his reply brief that "sending unencrypted information constitutes unfair or deceptive acts or practices, in or affecting commerce, in violation of Section 5(a) of the Federal Trade Commission Act." (Pl.'s Reply 4.) But in support of this assertion, he cites only actions brought by the Federal Trade Commission, not cases in which a plaintiff brought a private right of action. Indeed, the Federal Trade Commission Act does not create a private right of action, and thus, this argument also fails to defeat a finding of futility. *See* 15 U.S.C. § 45(m)(1)(A); *Int'l Tax Advisors, Inc. v. Tax Law Assocs., LLC*, No. 08 C 2222, 2011 WL 612093, at *5 (N.D. Ill. Feb. 15, 2011) (articulating that the Federal Trade Commission Act is "enforced exclusively" by the Federal Trade Commission, and thus, "there is

4

no private right of action under the statute"); *Stanley v. Select Portfolio*, No. 07-cv-775, 2008 WL 2020509, at *3 (S.D. Ill. May 9, 2008) (same); *Carrel v. George Weston Bakeries Distribution, Inc.*, No. 1:05-cv-01769, 2006 WL 1005041, at *1 (S.D. Ind. Apr. 13, 2006) (same).

    2. <u>Rosco's Claim Against First National Bank</u>

Rosco further alleges in his proposed amended complaint that First Bank Mortgage "gave the false impression that" his home went through foreclosure, rather than a short sale; that he disputed this information to Equifax on or about May 9, 2014, and that he was harmed by the purportedly erroneous reporting. (Proposed Am. Compl. ¶¶ 7-10.) As such, Rosco seems to be alleging that First Bank Mortgage violated its duty as a furnisher imposed by the FCRA to investigate disputed information. *See* 15 U.S.C. § 1681s-2(b); *see, e.g.*, *Ori v. Fifth Third Bank*, 674 F. Supp. 2d 1095, 1097 (E.D. Wis. 2009) (denying defendant's motion to dismiss claim against furnisher); *Brown v. Bank One Corp.*, No. 01 C 4698, 2002 WL 31654950, at *2 (N.D. Ill. Nov. 22, 2002). Because Equifax apparently does not oppose the motion to amend with respect to naming this additional defendant, and because the Court should "freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), Rosco's motion to amend will be GRANTED with respect to naming First Bank Mortgage as an additional defendant.

    3. <u>Rosco's Claim Against The Advantage Group</u>

Finally, Rosco alleges that The Advantage Group "falsely reported collection accounts as currently active months after filing bankruptcy." (Proposed Am. Compl. ¶ 12.) But Rosco does not allege that he notified Equifax that he disputed this information in his file, which is a required element of the claim. *See* 15 U.S.C. §§ 1681i(a)(2), 1681s-2(b). Therefore, Rosco's

5

proposed claim against The Advantage Group would not withstand a motion to dismiss, and thus, is futile.

Accordingly, Rosco's motion to amend will be GRANTED with respect to naming First Bank INC as an additional defendant, but will otherwise be DENIED.

### D.  Conclusion

For the foregoing reasons, Plaintiff's Motion for Leave to Amend Complaint and Join[d]er of Parties (Docket # 14) is GRANTED IN PART in that Plaintiff may file a revised proposed amended complaint for the Court's review on or before April 2, 2015, only incorporating the provisions naming First Bank INC as an additional defendant; Plaintiff's Motion is OTHERWISE DENIED.  Once the Court is satisfied that Plaintiff's revised proposed amended complaint complies with this Order, it will direct the Clerk to show it filed.

SO ORDERED.

Enter for this 25th day of March 2015.

/s Susan Collins
Susan Collins,
United States Magistrate Judge