UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| RUSSELL D. ROSCO, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:14-cv-00141-RL-SLC |
| | ) | |
| EQUIFAX, | ) | |
| | ) | |
|     Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Before the Court are several motions for sanctions (DE 34, 53, 62) filed by *pro se* Plaintiff Russell Rosco, asserting that Defendant Equifax and its counsel willfully violated the discovery rules. He seeks a bevy of sanctions against Equifax and its counsel, including monetary penalties, disbarment of counsel, a judgment in his favor, injunctive relief, compensatory damages for emotional distress, and punitive damages.

The motions were referred to the undersigned Magistrate Judge on September 1, 2015, by District Judge Rudy Lozano to prepare a report and recommendation. (DE 66). Having reviewed the record and pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72-1, the undersigned Magistrate Judge recommends that Rosco's motions for sanctions be DENIED.

**A. Factual and Procedural Background**

On April 1, 2014, Rosco filed this action in Allen County Superior Court, Indiana, Small Claims Division, alleging that Equifax failed to provide him with information in his file upon request, in violation of § 1681g(a)(1) of the Fair Credit Reporting Act. (DE 13). Equifax

removed the case to this Court. (DE 1). The Court conducted a scheduling conference on November 24, 2014, setting a discovery deadline of April 17, 2015. (DE 12).

On December 24, 2014, Rosco served Equifax with his First Set of Interrogatories (DE 17) and First Request for Production of Documents (DE 16), which were received by Equifax on December 29, 2014. (DE 23 ¶¶ 1-2). Equifax responded to Rosco's discovery requests on February 25, 2015. (DE 55-1 ¶ 4).

On March 12, 2015, Rosco filed a letter addressed to Equifax's counsel, indicating that it was his "good faith effort prior to filing a motion for sanctions." (DE 31). In the letter, Rosco asserted that Equifax made boilerplate, meaningless objections to his discovery requests seeking his credit file and "frozen data scans," and he demanded that Equifax submit such information by March 26, 2015, or it would face a motion for sanctions. (DE 31 at 1).

On April 3, 2015, Rosco filed a motion for sanctions against Equifax and its counsel, reiterating the arguments in his March 12th letter concerning Equifax's discovery responses. (DE 34). He seeks monetary sanctions, disbarment of counsel, a judgment in his favor, injunctive relief, compensatory damages for emotional distress, and punitive damages. (DE 34).

On April 20, 2015, Equifax requested an extension of time to respond to Rosco's motion for sanctions, which the Court granted. (DE 40; DE 42). The Court then received Rosco's objection to the requested extension; not long thereafter, Equifax filed a second request for extension of time to respond to Rosco's motion for sanctions. (DE 43; DE 44). On May 11, 2015, the Court held a telephonic hearing on Equifax's motion for a second extension, affording Equifax up to and including May 18, 2015, to file a response to Rosco's motion for sanctions; the parties also engaged in settlement discussions at the hearing. (DE 46).

On May 18, 2015, Equifax filed a motion to stay, contending that the parties had reached a settlement agreement and that fulfilling the terms of the settlement, which included providing Rosco with a credit disclosure, would take time to complete. (DE 47). Two days later, Equifax supplemented its responses to Rosco's interrogatories. (DE 49).

On June 11, 2015, Rosco filed a notice stating that Equifax had failed to provide his credit file and that he had no desire to enter into a settlement agreement. (DE 52). Rosco then filed a second motion for monetary sanctions, asserting that Equifax should be sanctioned for failing to provide him documents referred to in Equifax's supplemental responses to his interrogatories. (DE 53).

On June 26, 2015, Equifax filed a motion to enforce settlement, asserting that the parties had entered into an enforceable settlement agreement on May 14, 2015.[1] (DE 54). That same day, Equifax filed a response to Rosco's second motion for sanctions. (DE 55). On June 29, 2015, the Court deemed Equifax's motion to stay moot. (DE 56).

On July 28, 2015, Rosco filed a third motion for sanctions (with 187 pages of exhibits), reiterating the arguments in his first motion for sanctions and raising numerous additional purported violations by Equifax that he believes merit sanctions. (DE 62). Equifax responded on August 13, 2015 (DE 64), and Rosco replied on August 24, 2015 (DE 65). Therefore, Rosco's motions for sanctions are ripe for ruling.

---

[1] The motion to enforce settlement agreement has also been referred by Judge Lozano (DE 63), and the undersigned Magistrate Judge is issuing a separate report and recommendation on that motion.

## B. Applicable Legal Standard

Federal Rule of Civil Procedure 37(b) provides that "[i]f a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders[, including] . . . rendering a default judgment against the disobedient party . . . ." Fed. R. Civ. P. 37(b)(2)(A). "The simple failure to comply is enough [to warrant sanctions], notwithstanding a complete lack of culpability on [the party's] part." *Halas v. Consumer Servs., Inc.*, 16 F.3d 161, 164 (7th Cir. 1994). That is, "the culpability of a party who fails to comply with a court order determines only which sanctions the court should impose and not whether any sanctions are appropriate at all." *Id*. (citations omitted). "[A]n award of sanctions must be proportionate to the circumstances surrounding the failure to comply with discovery." *Crown Life Ins. Co. v. Craig*, 995 F.2d 1376, 1382 (7th Cir. 1993).

## C. Analysis

As explained above, Rule 37(b) authorizes a court to impose sanctions against a party who fails to obey an order to provide or permit discovery. Here, however, the Court has not issued a discovery order in Rosco's favor with which Equifax has failed to comply, as Rosco filed his motions for sanctions without first filing a motion to compel.[2] Therefore, on this basis alone, Rosco's motion for sanctions must be DENIED.[3] *See, e.g.*, *Morris v. Ley*, No. 05-C-0458,

---

[2] To ensure that Rosco's arguments are given fair consideration, *see Palmer v. City of Decatur, Ill.*, 814 F.2d 426, 428-29 (7th Cir. 1987) (noting the court's duty "to ensure that the claims of a *pro se* litigant are given a fair and meaningful consideration" (internal quotation marks and citations omitted)), and to facilitate clarity of the record, the Court, via a separate Order, is granting Rosco leave to file a motion to compel with respect to his First Set of Interrogatories and his First Request for Production of Documents to flesh out any arguments he attempted to make in his three motions for sanctions. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . ." (internal quotation marks and citation omitted)).

[3] Also, Local Rule 26-2 states that a party who files a motion for relief under Federal Rules of Civil Procedure 26(c) or 37 must file with the motion those parts of the discovery requests or responses to which the

4

2006 WL 2585029, at *3 (E.D. Wis. Sept. 7, 2006) (denying *pro se* plaintiff's motion for sanctions outright because he filed them when his motions to compel were still pending); *see Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) ("[E]ven *pro se* litigants must follow rules of civil procedure." (citation omitted)).

Furthermore, on this record, the purported infractions that Rosco describes do not rise to the level of sanctionable conduct. In his first motion for sanctions, Rosco asserts that Equifax should be sanctioned for raising boilerplate objections—such as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, or seeks confidential information—to his discovery requests. (DE 34 at 5). On this basis, he contends that the Court should sanction Equifax and its counsel by issuing monetary penalties, recommending that counsel be disbarred, entering a judgment in Rosco's favor, assessing emotional damages and punitive damages in excess of one million dollars, and entering an injunction requiring Equifax to provide all information in a credit file whenever a consumer disputes an entry. (DE 34 at 12-17).

"Of course, legal objections are properly asserted by counsel [when responding to discovery requests]." *Ogden v. Dyco*, No. 09-124-WDS, 2009 WL 3273221, at *1 (S.D. Ill. Oct. 9, 2009) (citing Fed. R. Civ. P. 33(b)(5)) (denying *pro se* plaintiff's request for sanctions where defendant responded to his discovery requests with objections). Even if Equifax's initial

---

motion pertains. N.D. Ind. L.R. 26-2(b), (c). Although Rosco summarizes his interrogatories and requests for production and Equifax's responses, he did not submit the actual discovery requests and responses with his motions as required by Local Rule 26-2. The Court located in the record Rosco's discovery requests (DE 16; DE 17), and Equifax's supplemental responses (DE 49), but did not find Equifax's initial discovery responses dated February 25, 2015. The Court reminds the parties that under Local Rule 26-2(a)(2)(A) "[a]ll discovery material in cases involving a pro se party must be filed."

responses were overly dependent on boilerplate objections,[4] *see Methodist Health Servs. Corp. v. OSF Healthcare Sys.*, No. 13-1054, 2014 WL 1612838, at *2 (C.D. Ill. Apr. 22, 2014) ("The objecting party must do more than simply recite boilerplate objections such as overbroad, burdensome, oppressive or irrelevant." (citations omitted)), on this record, Rosco's request for sanctions is wholly "[dis-]proportionate to the circumstances surrounding the failure to comply with discovery." *Crown Life Ins. Co.*, 995 F.2d at 1382. In its supplemental answers, Equifax follows its boilerplate objections with either the requested information or an explanation for the objection. (DE 49). As such, Equifax does "more than simply recite boilerplate objections such as overbroad, burdensome, oppressive or irrelevant," *Methodist Health Servs. Corp.*, 2014 WL 1612838, at *2, rendering sanctions inappropriate.

In his second motion for sanctions, Rosco contends that sanctions are warranted because Equifax referred to several documents in its supplemental answer to Interrogatory No. 7 that were not provided to him. He points out that in his Request for Production No. 1, he requested a copy of "any and all documents identified or requested to be identified in response" to his interrogatories. (DE 16). He then asks that the Court impose monetary sanctions at the rate of $3,500 per document for Equifax's failure to produce the documents referred to in its supplemental interrogatories. Again, Rosco's argument does not provide a basis for the imposition of monetary sanctions, because the Court has not, as of yet, ordered Equifax to produce these additional documents. *See, e.g.*, *Pringle v. Garcia*, No. 2:09-CV-22-PPS-PRC, 2013 WL 1911484, at *4 (N.D. Ind. May 8, 2013) (denying plaintiff's request for sanctions as

---

[4] As stated earlier, Equifax's initial discovery responses do not appear to be in the record.

premature).

In his third motion for sanctions, Rosco argues that sanctions should be imposed based on a litany of other purported violations by Equifax, including that it has caused extensive delays in this case, failed to properly respond to his discovery requests, failed to provide documents it referenced in its supplemental answers to his interrogatories, failed to make initial disclosures, failed to identify a Rule 30(b)(6) deponent, failed to file discovery responses, failed to file its response to his first motion for sanctions by the due date, and represented that it had mailed its supplemental interrogatory answers on a Sunday. (DE 62 at 3-10). He then asks for a list of 25 "general requests for sanction provisions" that he contends are appropriate based on these purported violations. (DE 62 at 20-24).

Rosco's third request for sanctions is also unavailing. There is no evidence that Equifax unreasonably delayed the discovery process in this case, as the few extensions it requested were not unreasonable in length. Equifax timely served its initial disclosures on December 15, 2014, and its responses to Rosco's interrogatories and document requests on February 25, 2015. (DE 64-1 ¶¶ 4, 9). Rosco never served a Rule 30(b)(6) deposition notice on Equifax (DE 64-1 ¶ 10), and thus, his Rule 30 argument is without basis. As to the rest of the missteps that Rosco alleges Equifax committed, on this record, they simply do not rise to the level of sanctionable conduct. *See Mickelson v. Mickelson*, No. 11 C 5061, 2013 WL 3774004, at *11 (N.D. Ill. July 18, 2013) (refusing to assess sanctions based on "bald assertions"). Therefore, the undersigned Magistrate Judge will recommend that Rosco's three motions for sanctions be DENIED.

### D.  Conclusion

For the foregoing reasons, the undersigned Magistrate Judge recommends that Rosco's three motions for sanctions (DE 34, 53, 62) be DENIED.

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* Plaintiff and to counsel for Defendant.  NOTICE IS HEREBY GIVEN that within 14 days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations.  Fed. R. Civ. P. 72(b).  FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.  *See Brokaw v. Brokaw*, 128 F. App'x 527, 530 (7th Cir. 2005); *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

SO ORDERED.

Enter for this 4th day of September 2015.

S/ Susan Collins  
Susan Collins  
United States Magistrate Judge